On June 22, 1945, Victorin A. Pitre filed two suits against Absalom Blanchard in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. In one of these suits Pitre alleged that during the latter part of the year 1943, he entered into a verbal agreement with Blanchard to operate a fifty acre farm in the Parish of Jefferson, with dwelling, barns, cattle, etc.; that the defendant did not operate the farm in a proper manner and, as a result, caused damage to plaintiff's farm in the sum of $441, for which plaintiff asked judgment. In the other suit, it was alleged that on January 2, 1945, "plaintiff verbally leased to the defendant Absalom Blanchard" the same fifty acre farm referred to in the first suit at a rental of $20 per month, payable at the end of each month and that five months' rent was due or the sum of $100. He asked for and obtained a writ of provisional seizure and seized certain hogs, cattle, etc., which were located on the farm. No reference in either suit is made to the other.
Clem B. Guillot intervened in the provisional seizure suit claiming that he was the owner of ninety-five hogs and fifteen head of cattle and a Ford truck which had been seized by Pitre. He was permitted to bond the seizure.
The two cases were consolidated in the lower court for the purpose of trial and in this court for argument. Judgment was rendered below against plaintiff dismissing both suits and, in the case in which Guillot had intervened, in Guillot's favor recalling the writ of provisional seizure.
It appears from the evidence that Pitre owned a small farm situated in Jefferson Parish, on which was located twelve or thirteen head of cattle; that he made arrangements with Blanchard, whereby Blanchard was permitted to live on the farm and make what he could out of it upon consideration of his taking care of the twelve head of cattle. There was no financial consideration involved nor any length of time agreed upon. Blanchard went on the farm in the latter part of 1943. Plaintiff claims that Blanchard abused his farm by raising hogs which wallowed in the drains and ditches, rooted up his fruit trees and otherwise damaged the premises and when he had been there about a year or on January 2, 1945, Pitre says he told Blanchard that if he desired to remain on the premises he would be obliged to pay $20 per month rent and that Blanchard responded "OK." The provisional seizure is based upon this conversation which, it is said, amounted to a verbal lease under which five months' rent is claimed.
The alleged damages to the farm consists of the following items:
Value of mule found dead on farm $125.00 100 new cypress posts........... 26.00 Damage to fruit trees .......... 100.00 Damage to fences, drains and ditches ...................... 100.00 Balance due on mule purchased by plaintiff for defendant's account 90.00 ------- $441.00 *Page 775 
[1] As to the first mule it was shot and killed by an unknown person and the only negligence charged to defendant is that he failed to put the mule in the barn the night it was shot. However, there is nothing to indicate that it would not have been shot if in the barn and defendant says it is not customary to stable mules every night. We cannot see why defendant should be held responsible for the dead mule. A second mule was bought and paid for by Pitre who claims that it was purchased for account of Blanchard. Blanchard denies that the mule was purchased for his account and, in this situation, with the burden of proof on Pitre, the claim is not established by a preponderance of the evidence.
[2] Referring to the cypress posts and damage to fruit trees, fences, drains, etc., the evidence is conflicting, consisting of assertions and denials by plaintiff and defendant. The whole trouble seems to have been caused by Blanchard raising hogs on the farm which Pitre thought not suitable for that purpose. However, Pitre testified that if Blanchard had paid the $20 per month rent, all would have been forgiven.
Moreover, the trial judge found against plaintiff on this question of fact and we do not believe there is sufficient reason to set aside his judgment, consequently, and
For the reasons assigned the judgment appealed from is affirmed, plaintiff to pay the costs in both courts.
Affirmed.