Pitre sued out a writ of provisional seizure claiming that five months' rent at $20 per month, or $100, was due him by Blanchard under a verbal lease between himself and Blanchard, the defendant. He seized certain hogs, cattle, etc., some of which intervenor, Clem B. Guillot, claimed was his property. See the opinion of this court in the case of Pitre v. Blanchard, 23 So.2d 774, for further details.
[1] It is conceded that if there was a lease and any rent was due plaintiff would have a perfect right to seize Guillot's property on the leased premises. Articles 2705 *Page 776 
and 2707 of the Civil Code. However, it is insisted that there was no lease. The evidence consists of Pitre's assertion that Blanchard agreed to pay the rent of $20 per month and Blanchard's denial. The burden of proof rested upon plaintiff and he has failed to sustain it.
[2] Plaintiff's counsel complains of the action of the trial court in sustaining objections to evidence tending to prove the occupation of the intervenor upon the ground that it was irrelevant. He says that if he had been permitted to produce this evidence it would have had the effect of impeaching the testimony given by Guillot. To begin with no proper foundation was laid for impeaching Guillot's testimony and, moreover, Guillot's counsel freely admits, as well he might, that if there was any lease under which Blanchard agreed to pay $20 per month to Pitre, that not only Blanchard's property, but his (Guillot's) property found on the leased premises would have been subject to a lessor's lien under article 2707 of the Revised Civil Code. It is difficult to see how the proof of Guillot's occupation, no matter what effect it might have had upon his testimony, could have thrown any light upon the issues in this case for Guillot testified that he knew nothing about the controverted question or whether there was any lease or not.
[3] In order to be entitled to the lessor's privilege there must be a lease and the provisional seizure sued out in this case for the sum of $100 alleged to be due as rent must be vacated because of the want of evidence to sustain the contention that a lease was in effect. We might add that it is surprising that Pitre should have entered into a contract of lease with Blanchard after having declared his dissatisfaction with defendant as a caretaker under the original contract. It also appears strange to us that Pitre would have rented his farm without having stipulated some time limit, particularly since he was convinced that Blanchard had neglected the farm and abused it by raising hogs. Of course, there is available to Pitre adequate means for the eviction of an unsatisfactory occupant of his property, but we cannot enforce the harsh remedy of provisional seizure as against the property of a third person unless the existence of a lease be established with legal certainty.
It is, therefore, ordered, adjudged and decreed that the judgment of the district court vacating the writ of provisional seizure and dismissing plaintiff's suit be and it is affirmed, plaintiff to pay the costs of both courts.
Affirmed.